1
2
3
4
5

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

6
7

8
9
10
11
12

ESDRAS JARVIO CONTRERAS,

Petitioner,

vs.

UNITED STATES OF AMERICA,

Respondent.

CASE NO. 06CV1120-LAB

[*Related Case No. 04cr2935-LAB*]

**ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 AND DISMISSING CASE WITH PREJUDICE**

13
14
15
16
17

Petitioner Esdras Jarvio Contreras moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence ("Motion") following his guilty plea and sentencing in Criminal Case No. 04cr2935-LAB. By the express terms of his Plea Agreement, and on the record of his Disposition and Sentencing hearings, Petitioner waived his right to seek collateral . Accordingly, the Motion is **DENIED**.

18
19
20
21
22
23
24
25
26

Petitioner was represented by counsel throughout his criminal case and was assisted by an interpreter at his court appearances. He appeared before Magistrate Judge James F. Stiven on February 10, 2005 to enter a plea of guilty to one charge of being a deported alien found in the United States. Reporter's Transcript of 2/10/05 Disposition ("Dispo. R.T."). On the record at that hearing, Petitioner acknowledged he had read the Plea Agreement, discussed it with his attorney, and understood its terms, expressly including, among other provisions discussed on the record, the waiver of his right to appeal *or to collaterally attack his conviction or sentence* as long as the sentence ultimately imposed did not exceed the maximum permitted by law. Dispo. R.T. 6:5-13, 7:19-25. In particular:

27
28

> THE COURT: . . . You agree, in this plea agreement, that so long as the custodial sentence that is imposed upon you is no greater than the high end of the guideline range recommended by the Government, pursuant to this agreement at the time of your sentencing, so long as it

is within that range, you would agree to waive your right to appeal or collaterally attack either the conviction or the sentence. Understood?

THE DEFENDANT: Yes.

. . .

THE COURT: All right. Mr. Jarvio, I have explained to you your rights before the Court and instructed you regarding the maximum penalties that could be imposed. I ask you now, Mr. Jarvio, how do you plead . . . to the charges in this indictment, guilty or not guilty?

THE DEFENDANT: Guilty.

Dispo. RT 8:8-21, 9:17-22.

Prior to accepting the plea, the court ensured Petitioner understood the maximum penalties that he faced for conviction of the crime charged:

THE COURT: Thus convicted, you would be subject to certain maximum penalties that could be imposed against you for such a conviction. [¶] Ms. Serano, can you recite the maximum penalties that Mr. Jarvio is facing if convicted as charged here?

MS. SERANO: Yes, your Honor. It is a maximum of 20 years in prison, a $250,000 fine, a special assessment of $100, and a term of supervised release of not more than three years.

THE COURT: All right. You have heard, Mr. Jarvio, the Government's attorney recite the maximum penalties that you are facing. Do you understand that you are facing these maximum possible penalties?

THE DEFENDANT: Yes.

Dispo. R.T. 4:14-5:2.

The following pertinent exchanges occurred on the record at Petitioner's May 16, 2005 sentencing hearing before the undersigned district judge,:

THE COURT: . . . I have in front of me a report and recommendation issued by Judge Stiven, who took this gentleman's plea to a single count of coming back into the United States after being deported. He recommends that I accept the plea. I have not received any objection from either side. . . . [¶] The court then does accept the plea of Mr. Jarvio. The court finds that the plea was entered knowingly, voluntarily and intelligently.

Sentencing RT 2:10-22.

The court acknowledged the Probation Department recommended a sentence different from the one recommended by the parties:

1  |  THE COURT: . . .  The Guideline range is 77 to 96 months.  The
2  |  Guidelines are, of course, advisory.  The Probation Department recommended 77 months.[1]  I note that this gentleman has been
3  |  convicted of this very offense before and has received a 77-months sentence, according to the Presentence Report, and he is back which
   |  would indicate that some incremental increase would be appropriate.

4

5  Sentencing R.T. 3:10-16.

6     After hearing from counsel for both sides, including conscientious argument from Petitioner's

7  counsel in support of a 77-month low-end sentence (10-months less than recommended by the

8  Probation Department) in consideration of various personal considerations, characterizations to

9  minimize Petitioner's prior criminal record, and other mitigating argument (Sentencing R.T. pp.3-8,

10 11), the court  indicated it was "persuaded by [defense counsel]" not to impose an incremental 10-

11 months on top of the 77-month low end Guideline, but explained it was significant to the court that

12 Petitioner had previously been sentenced to 77 months following conviction for "this very same

13 offense," warranting some increase over his sentence for the prior offense:

14  |  THE COURT: . . . It is significant to me that he has been previously
    |  convicted of this very same offense.  The only thing that's different is
15  |  he served his time.  He has been deported, then he came back and he
    |  got 77 months. . . .[¶]  The Probation Department recommends 87
16  |  months.  [¶]  I was inclined to impose that term.  **I have been
    |  persuaded by [defense counsel]** Mr. Carriedo that maybe the full 10
17  |  months incremental increase is not necessary.  [¶]  **The court imposes
    |  an 84-months sentence followed by three years of supervised**
18  |  **release**. . .

19 Sentencing R.T. 11:13-12:3.

20    Defense counsel urged the court to also recommend Petitioner receive a mental health

21 evaluation and treatment while in custody, in addition to drug treatment, a recommendation the court

22 adopted.  Sentencing R.T. 12:19-23.  The court then confirmed on the record:

23  |  THE COURT:  . . . Do you agree that the court imposed a sentence
    |  [that] was bargained for under the plea agreement, not the high end of
24  |  the guidelines, and results in the waiver of this gentleman's right to
    |  appeal and collaterally attack his sentence?
25  |  . . . .

26 / / /

27

28
_____

   [1]  It appears the Probation Department actually recommended 87 months, or 10-months more than the low end 77-month Guideline.  *See* Sentencing R.T. 11:22-23.

- 3 -                                                                06CV1120

1          MR. CARRIEDO:  I do.

2          THE COURT:  I make that finding as well.

3   Sentencing R.T. 12:14-13:2.

4          Despite the foregoing record, Petitioner now moves to have the court revisit his plea and

5   sentence on the purported grounds:  "I placed my full trust and confidence in my lawyer to preserve

6   and protect each of my constitutional rights of which he failed to do . . . "  Pet.. p. 6.  He contends, in

7   pertinent pat his trial counsel "was constitutionally ineffective  where he failed to investigate, and/or

8   to seek a downward departure under the United States Sentencing Guidelines. . . ."  or a competency

9   hearing based on  Petitioner's drug abuse and suffering from mental disorders. Pet. p. 3.  Although the

10  court declines to reach the merits of the Motion, the transcripts of the plea and sentencing hearings on

11  their face belie Petitioner's representations.  Not only is the record contrary to Petitioner's arguments,

12  but also the Court finds any attempt to appeal or to collaterally attack his conviction or sentence is

13  inconsistent with and foreclosed by his valid waivers of those rights, as expressly incorporated into

14  his plea agreement, the record of his change of plea  hearing, and the sentencing record.

15         The written plea agreement Petitioner executed affirming his understanding of each waiver and

16  the record of his disposition hearing leave no doubt his guilty plea was knowing and voluntary as to

17  all elements of the offense, and that he knowingly and voluntarily waived his right to appeal or to

18  collaterally attack his conviction or sentence, as confirmed again on the record at his sentencing

19  hearing.  Petitioner received a sentence three months shorter than was recommended by the Probation

20  Department and within the scope of his Plea Agreement.  Were the Court to revisit the conviction or

21  sentence, the government would lose the benefit of its bargain to resolve this criminal case without

22  additional expense of resources.

23         For all the foregoing reasons, **IT IS HEREBY ORDERED** the Motion is **<u>DENIED</u>** and the

24  case is **<u>DISMISSED WITH PREJUDICE</u>**.

25         **IT IS SO ORDERED**.

26  DATED:  June 14, 2007

27

28  **HONORABLE LARRY ALAN BURNS**
    United States District Judge

- 4 -

06CV1120

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

06CV1120